___

**SO ORDERED,**

*Katharine M. Samson*

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: March 30, 2020**

The Order of the Court is set forth below. The docket reflects the date entered.
___

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: BERNELL MARTIN | CASE NO. 19-02193-NPO |
| DEBTOR | CHAPTER 13 |
| HAROLD J. BARKLEY JR., TRUSTEE | PLAINTIFF |
| V. | ADV. PROC. NO. 19-00041-KMS |
| SANTANDER CONSUMER USA INC. | DEFENDANT |

### OPINION AND ORDER GRANTING MOTION TO DISMISS

This matter came on for hearing on the Motion to Dismiss, ECF No. 16,[1] by Defendant Santander Consumer USA Inc., with Opposition, ECF No. 21, by Plaintiff Harold J. Barkley Jr., chapter 13 trustee in the underlying bankruptcy case. The dispute as described in the amended complaint ("Complaint") centers on the allegation that Santander filed a proof of claim for a debt that under state law was not merely time-barred but extinguished. The Complaint includes counts that are core under 28 U.S.C. § 157(b)(2)(A) and (C) and one count that is non-core. Santander has consented to the bankruptcy court's entry of final orders or judgment in non-core proceedings. Mot. ¶ 9, ECF No. 16 at 2. The Trustee, by not including a statement of consent in the Complaint,

---

[1] "ECF No. ___" refers to a docket entry in this adversary proceeding. "Case ECF No. ___" refers to a docket entry in the bankruptcy case.

has waived the right to contest the bankruptcy court's authority in non-core proceedings. *See* Miss. Bankr. L.R. 7008-1.

The Complaint pleads five counts: Count I - Violation of Rule 9011(b)(2) and (b)(3) of the Federal Rules of Bankruptcy Procedure ("Rule 9011 Count"), Count II - Violation of the Fair Debt Collection Practices Act, § 1692e and § 1692f ("FDCPA Count"), Count III - Declaratory Judgment Pursuant to 11 U.S.C. § 105(a) ("Declaratory Judgment Count"), Count IV - Injunction Pursuant to 11 U.S.C. § 105(a) ("Injunctive Relief Count"), and Count V - Fraud on the Court, Including False and Fraudulent Proof of Claim ("Fraud on the Court Count"). Compl. ¶¶ 19-45, ECF No. 5 at 4-8. The Complaint also alleges a class action under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure ("Civil Rules"), made applicable by Rule 7023 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), on behalf of "[a]ll chapter 13 bankruptcy estates in Mississippi in which Santander filed a time-barred Proof of Claim."[2] *Id.* ¶ 46, ECF No. 5 at 8.

Santander moves for dismissal under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. Under Rule 12(b)(1) as to every count in the Complaint, Santander argues that the Trustee lacks constitutional standing or, alternatively, that Santander's withdrawal of the proof of claim made all counts moot. Mot. ¶¶ 3, 4, ECF No. 16 at 2. Under Rule 12(b)(6) as to the FDCPA Count, Santander argues principally that its filing of the proof of claim is not actionable under *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407 (2017). *Id.* ¶ 6; Br., ECF No. 18 at 9-10. As to the remaining counts, Santander argues that § 105 does not create a private right of action. Mot. ¶ 7.

---

[2] The class action allegation is not at issue on the Motion to Dismiss.

2

Santander is correct that all counts of the Complaint must be dismissed, whether for lack of standing or for failure to state a claim upon which relief can be granted. The Motion is therefore granted. But the dismissal is without prejudice, and the Trustee may amend the Complaint.

## THE STANDARD UNDER RULES 12(b)(1) AND 12(b)(6)

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted).

A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either facial or factual. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Where, as here, the defendant has not submitted affidavits or other evidence, the challenge is facial. *See id.* On a facial attack, the court may consider either "the complaint alone [or] the complaint supplemented by undisputed facts evidenced in the record." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161 (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)).

To defeat dismissal under Rule 12(b)(6), the plaintiff must plead enough facts to state a claim that is "plausible on its face." *Hale v. King*, 642 F.3d 492, 498-99 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim that is facially plausible supports a reasonable inference that the defendant is liable for the alleged misconduct, not merely the inference that the defendant might have engaged in misconduct. *Id.* at 499 (citing 556 U.S. at 678-79). The court considers the complaint and its attachments and may also consider (1) documents incorporated by reference into the complaint, (2) documents attached to the motion to dismiss that

3

are central to the plaintiff's claim and referred to in the complaint, (3) matters of which the court may take judicial notice, and (4) matters of public record. *Rome v. HCC Life Ins. Co.*, 323 F. Supp. 3d 862, 866 (N.D. Tex. 2018).

Whether on a facial challenge to standing under Rule 12(b)(1) or a challenge to the factual sufficiency of the complaint under Rule 12(b)(6), the court accepts as true all well-pleaded facts and construes them in favor of the plaintiff. *Henley v. Malouf (In re Roberts)*, 556 B.R. 266, 270 (Bankr. S.D. Miss. 2016) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). Facts must be specific. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992) ("[c]onclusory allegations and unwarranted deductions of fact are not admitted as true").

## FACTS ACCEPTED AS TRUE

Santander is a debt collector. Compl. ¶ 7, ECF No. 5 at 2. Its practice for years has been to file proofs of claim in chapter 13 cases that on their face are time-barred under Mississippi's statute of limitations. *Id.* ¶ 1, ECF No. 5 at 1. Santander files these claims knowing they are time-barred and has filed many such claims in Mississippi bankruptcy courts. *Id.* ¶¶ 1, 18, ECF No. 5 at 1, 3.

Here, the Debtor bought a truck in 2006, financing the $24,754.68 purchase price with a loan secured by the truck. *Id.* ¶ 8, ECF No. 5 at 2. The Debtor defaulted on the loan and the truck was repossessed. *Id.* ¶ 9. On February 10, 2009, the truck was sold for $9,278.65. *Id.* The Debtor made no payments on the loan after February 9, 2009. *Id.* ¶ 13, ECF No. 5 at 3. In 2010, Santander took over the servicing of the loan from the original servicer and began attempting to collect the deficiency. *Id.* ¶ 10, ECF No. 5 at 2.

On June 18, 2019, the Debtor filed the underlying bankruptcy case. *Id.* ¶ 11, ECF No. 5 at 3. On June 27, 2019, Santander filed a proof of claim for a deficiency balance of $39,243.54. *Id.* ¶ 12; Ex. A, ECF No. 1-1.

The applicable limitations period for an action on an installment note on a vehicle is one year from the date the pledged vehicle was sold. Compl. ¶ 15 (citing Miss. Code Ann. § 15-1-23). The running of the limitations period extinguishes the creditor's right to payment as well as the remedy. *Id.* ¶ 16 (citing Miss. Code Ann. § 15-1-3(1)). The debt Santander sought to collect had been extinguished for more than nine years when Santander filed its proof of claim. *See* Ex. A, ECF No. 1-1 at 5. Santander knew this fact, as evidenced by the Payoff Itemization in its proof of claim. *See id.*

The Trustee objected that Santander's claim was barred by Mississippi's statute of limitations. Case ECF No. 17 at 2. Santander failed to respond, and on August 13, 2019, an order was entered sustaining the objection and disallowing the claim. Case ECF No. 26.

The Trustee served Santander with a proposed motion for sanctions under Rule 9011 for filing the proof of claim. Compl. ¶ 26. Twelve days after the Trustee served Santander with the proposed motion, Santander withdrew the proof of claim. *Id.*; Case ECF No. 33. After Santander withdrew the proof of claim, the Trustee filed the motion for sanctions and, on the same day, this adversary proceeding. Case ECF No. 37; ECF No. 1.

## CONCLUSIONS OF LAW

The doctrine of standing limits the category of litigants who may sue in federal court and is inseparable from the Constitution's limitation of federal court jurisdiction to "Cases" and "Controversies." *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting U.S. Const. art. III, § 2). To establish the "irreducible constitutional minimum" of standing, the plaintiff must

clearly allege facts demonstrating three elements: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)).

Here, Santander asserts that the Trustee has failed to establish the first element of standing, injury in fact. ECF No. 18 at 6. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). Santander focuses on the concreteness requirement, arguing that the Trustee has not pleaded any facts that the Debtor was harmed and only conclusory allegations of harm to the Trustee and the bankruptcy estate. ECF No. 18 at 6. Alternatively, Santander argues that there is no case or controversy, because when Santander withdrew the proof of claim, the entire Complaint became moot. ECF No. 18 at 7-8.

Because "standing is not dispensed in gross," the court must evaluate standing for each claim. *Fontenot v. McCraw*, 777 F.3d 741, 746 (5th Cir. 2015) (quoting *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996)). Accordingly, the Court examines the Complaint count by count, addressing first, where appropriate, the Trustee's standing; then mootness; then arguments for dismissal under Rule 12(b)(6).

## I – Rule 9011 Count

The Rule 9011 Count duplicates the Rule 9011 motion the Trustee filed in the underlying case. *See* Case ECF No. 37. A request for relief under Rule 9011 is properly initiated by motion.

6

Fed. R. Bankr. P. 9011(c)(1)(A). For this reason, the Trustee's allegations under Rule 9011 are considered in the contested matter, not here. *See* Order, Case ECF No. 55.

"[T]here is no independent cause of action under Rule 9011." *Akers v. Beal Bank (In re Akers)*, Adv. Proc. No. 12-10020, 2012 WL 3133924, at *2 (Bankr. D.C. Aug. 1, 2012). Count I is therefore dismissed under Rule 12(b)(6).

## II –FDCPA Count

One purpose of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p, is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The FDCPA creates civil liability for any debt collector, as defined by the statute, that fails to comply with its provisions. 15 U.S.C. § 1692k. The threshold requirements for relief under the FDCPA are that "(1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of the FDCPA." *Snyder v. Cook & Assocs.*, No. 1:10CV17-SA-JAD, 2010 WL 2569189, at *1 (N.D. Miss. June 23, 2010) (citing *Withers v. Eveland*, 988 F. Supp. 942, 945 (E.D. Va. 1997); 15 U.S.C. § 1692a(3), (6)).

The FDCPA Count, which accrued post-petition when Santander filed the proof of claim, is property of the bankruptcy estate. *See* 11 U.S.C. § 1306(a)(1) (providing that property of the estate includes "all property of the kind specified in [11 U.S.C. § 541, including causes of action, § 541(a)(1),] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted").

The Trustee, the estate's representative,[3] alleges that Santander violated the FDCPA by filing a proof of claim for "a time-barred debt that it not only could not seek, but had no substantive

---

[3] Santander argues that a bankruptcy trustee is not a "consumer" and consequently may not bring an action under the FDCPA. ECF No. 18 at 10-11. This argument is incorrect. *See Solt v. Credit Prot. Ass'n, L.P. (In re Solt)*, 425 B.R. 263, 266 (Bankr. W.D. Va. 2010) (holding that chapter 7 trustee as representative of estate had authority to prosecute debtor's pre-petition cause of action under FDCPA).

7

right to seek" under Mississippi statutory law. Compl. ¶¶ 2, 7, ECF No. 5 at 2; *see* Miss. Code Ann. § 15-1-3(1) ("The completion of the period of limitation prescribed to bar any action, *shall defeat and extinguish the right* as well as the remedy.") (emphasis added); *Young v. Hooker*, 753 So. 2d 456, 460 (Miss. Ct. App. 1999) ("The running of the . . . statute of limitations . . . extinguishes the right itself, the debt . . . ."). The Trustee alleges that by filing the proof of claim, Santander used "false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and "unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f. *See* Compl. ¶¶ 32-33, ECF No. 5 at 5.

### A. The Trustee Has Constitutional Standing.

For an "invasion of a legally protected interest" to constitute injury in fact, the invasion must satisfy three criteria: It must be concrete, particularized, and actual or imminent. *Spokeo*, 136 S. Ct. at 1548. In *Spokeo, Inc. v. Robins*, the United States Supreme Court examined the concreteness requirement in a case brought under another consumer protection statute, the Fair Credit Reporting Act (FCRA).

The alleged violation in *Spokeo* was the dissemination of inaccurate information that a "people search engine" gathered from various databases and delivered in response to online queries consisting of a person's name, phone number, or email address. *Id.* at 1544. On learning of these inaccuracies, the plaintiff filed a complaint on his own behalf and that of a class of similarly situated individuals. *Id.* On appeal, the Supreme Court found that the Ninth Circuit had overlooked the concreteness requirement for injury in fact. *Id.* at 1545. The Court then explained what concreteness means in the context of an alleged violation of a statutorily granted procedural right. *Id.* at 1547-50.

For an injury to be "concrete," it must "actually exist"; in other words, it must be "real." *Spokeo*, 136 S. Ct. at 1548. But "real" does not necessarily mean "tangible." *Id.* at 1549. Congress, through its legislative power, may "identify intangible harms" by "defin[ing] injuries . . . that will give rise to a case or controversy where none existed before." *Id.* (quoting *Lujan*, 504 U.S. at 578, 580). Even so, a plaintiff suing under a statute that authorizes lawsuits does not automatically satisfy the injury in fact requirement. "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* A "bare procedural violation, divorced from any concrete harm" does not satisfy the injury in fact requirement. *Id.* But a procedural violation that carries "the risk of real harm" can be sufficient, and "a plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." *Id.* Ultimately, the Court made no determination of whether the alleged procedural violations entailed the risk of real harm. Instead, the case was remanded, with instructions to the Ninth Circuit to address that question. *Id.* at 1550.

The Fifth Circuit Court of Appeals has applied *Spokeo* in a case under the FDCPA, *Sayles v. Advanced Recovery Sys., Inc.*, 865 F.3d 246 (5th Cir. 2017). There, Sayles alleged that he faxed a letter to the defendant debt collection agency, disputing the validity of medical debts. Afterwards, when Sayles ran his credit report, the new report showed that the defendant had updated the debt information after receiving the fax but did not mark the debts "disputed." *Id.* at 248. The district court ruled that the defendant had violated 15 U.S.C. § 1692e(8) (prohibiting "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."). *See Sayles v. Advanced Recovery Sys., Inc.*, 206 F. Supp. 3d 1210, 1216 (S.D. Miss. 2016). The Fifth Circuit affirmed, revisiting on appeal not only the district court's substantive ruling but also its holding that Sayles satisfied the concreteness requirement of injury in fact.

9

*Sayles*, 865 F.3d at 249-50. Applying the "risk of real harm" standard for violation of a procedural right granted by statute, the Fifth Circuit held that the defendant's violation "exposed Sayles to a real risk of financial harm caused by an inaccurate credit rating." *Id.* at 250 (citing *Spokeo*, 136 S.Ct. at 1549; *Bowse v. Portfolio Recovery Assocs., LLC*, 218 F. Supp. 3d 745, 749 (N.D. Ill. 2016)).

But here, the violation alleged is not procedural but substantive. Unlike the dissemination of inaccurate information by the search engine in *Spokeo* and the failure of the debt collector to report the debt as "disputed" in *Sayles*, the very filing of a proof of claim is an act to collect a debt. *Gardner v. New Jersey*, 329 U.S. 565, 573 (1947); *Coxson v. Commonwealth Mortg. Co. of Am., L.P. (In re Coxson)*, 43 F.3d 189, 194 (5th Cir. 1995); *Trevino v. HSBC Mortg. Servs., Inc. (In re Trevino)*, No. 13-7031, 2020 WL 535198, at *10 (Bankr. S.D. Tex. Jan. 31, 2020) ("[B]ecause a proof of claim is intended to result in some recovery for the creditor on the debt that is set out in the proof of claim, the filing of such would be within the ordinary meaning of 'debt collection.'"), *appeal docketed*, No. 7:20-cv-00054 (S.D. Tex. Feb. 19, 2020).

"Whether a violation of a statutorily created right confers standing turns on whether the right is substantive or merely procedural." *Landrum v. Blackbird Enters, LLC*, 214 F. Supp. 3d 566, 571 (S.D. Tex. 2016) (defining procedural right as one that "helps in the protection or enforcement of a substantive right" (quoting *Black's Law Dictionary* (10th ed. 2014))). "Courts across the country, including in the Fifth Circuit, 'have considered whether a violation of the FDCPA itself confers standing on a plaintiff, and they have answered that question in the affirmative.'" *Smith v. Moss Law Firm*, No. 3:18-CV-2449-D, 2020 WL 584617, at *4 (N.D. Tex. Feb. 6, 2020) (collecting cases); *see also Busby v. Vacation Resorts Int'l*, No. H-18-4570, 2019 WL 669641, at *5 (S.D. Tex. Feb. 19, 2019) ("Most district courts in the Fifth Circuit have denied

motions to dismiss based on insufficient allegations of injury in FDCPA cases. . . . These cases are consistent with decisions from other circuits holding that Article III standing may be based on an alleged FDCPA violation.*");  Byrne v. Oregon One, Inc.*, No. 3:16-cv-01910-SB, 2017 WL 3568412, at *7 (D. Ore. July 18, 2017) ("[S]uccessful post-*Spokeo* standing challenges to FDCPA claims are a small minority."); *but see Abercrombie v. Rogers, Carter, & Payne, LLC*, No. 15-2214, 2017 WL 489426 (W.D. La. Feb. 6, 2017) (dismissing complaint for lack of standing when plaintiff alleged that creditor failed to comply with FDCPA disclosure requirements and plaintiff did not indicate that he ever intended to dispute debt).

Where the statutory right is substantive, the violation itself establishes concrete harm. *See Guerrero v. GC Servs. Ltd. P'ship*, No. CV 15-7449 (DRH) (AKT), 2017 WL 1133358, at *10 (E.D.N.Y. Mar. 23, 2017) ("[T]he majority of post-*Spokeo* decisions which have analyzed standing within the context of the FDCPA have determined that, unlike the FCRA section at issue in *Spokeo*, which contains only procedural requirements, the FDCPA creates a *substantive right*, the violation of which would itself give rise to a concrete injury."); *see also Ghanta v. Immediate Credit Recovery, Inc.*, No. 3:16-cv-00573-O, 2017 WL 1423597, at *4 (N.D. Tex. April 18, 2017) ("In evaluating FDCPA claims post-*Spokeo*, courts have found that an alleged FDCPA violation alone is sufficient to confer standing because it establishes the consumer suffered the type of harm Congress intended to prevent—abusive debt collection practices.").

Similarly here, it is sufficient that the Complaint alleged that Santander filed a proof of claim for a debt that under state law was not only time-barred but also extinguished, because if the filing of such a claim violates the FDCPA, the very act of its filing would be an "abusive debt collection practice" that the FDCPA was enacted to prevent. *See* 15 U.S.C. § 1692(e). The

Complaint having alleged the violation of a substantive right, the "risk of real harm" analysis for procedural violations does not apply. The Trustee has established constitutional standing.[4]

### B. The FDCPA Count Is Not Moot.

Santander's withdrawal of the proof of claim does not make the FDCPA count moot. *See Robinson v. JH Portfolio Debt Equities, LLC (In re Robinson)*, 554 B.R. 800, 808 (Bankr. W.D. La. 2016) ("If JH Portfolio violated the FDCPA, it did so when the claim was filed. Simply withdrawing the claim does not eliminate the potential FDCPA violation that already occurred."); *see also Gatewood v. CP Med. LLC (In re Gatewood)*, No. 5:14-ap-7068, 2015 WL 13776202, at *1 n.1 (Bankr. W.D. Ark. Feb. 6, 2015) ("Even had the creditor withdrawn its claim in accordance with [Rule 3006], because the issue before the Court is premised on the creditor's initial filing of the proof of claim and an alleged violation of non-bankruptcy law, the proceeding is still ripe."), *aff'd*, 533 B.R. 905 (B.A.P. 8th Cir. 2015).

### C. *Midland Funding* Forecloses the FDCPA Count.

In *Midland Funding, LLC v. Johnson*, the United States Supreme Court established that the filing of a proof of claim that on its face is time-barred "does not fall within the scope of any of the five relevant words" of the FDCPA. 137 S. Ct. at 1411 (holding that proof of claim was neither a "false, deceptive, or misleading representation" under 15 U.S.C. § 1692e nor an "unfair or

---

[4] As it must, this Court has independently analyzed the other elements of standing. But it does not reach the question of whether the Trustee is the real party in interest; Santander argues the Trustee is not. *See* ECF No. 18 at 4-5. The real-party-in-interest requirement is separate from constitutional standing. *Cranpark, Inc. v. Rogers Grp., Inc.*, 821 F.3d 723, 732 (6th Cir. 2016) ("[T]here is a degree of confusion in drawing a line between Article III standing and the real-party-in-interest requirement. . . . A plaintiff may have standing in the Article III sense but not be the real party in interest."). The chapter 13 trustee may "sue and be sued." 11 U.S.C. § 323(b). But unlike the chapter 7 trustee, the chapter 13 trustee has no duty to "collect *and reduce to money* the property of the estate." *See* 11 U.S.C § 1302(b)(1) (emphasis added) (listing statutory duties that do not include § 704(a)(1)). And there is authority that because the chapter 13 debtor normally remains in possession of all property of the estate under § 1306(b), the debtor is the real party in interest in a lawsuit under the FDCPA. *See Hayes v. Find Track Locate, Inc.*, 60 F. Supp. 3d 1144, 1149 (D. Kan. 2014*); see also In re James*, 210 B.R. 276, 277-78 (Bankr. S.D. Miss. 1997) ("[I]t is generally recognized that the debtor is the proper party to sue or be sued in a Chapter 13 case.") (quoting Lundin, 1 *Chapter 13 Bankruptcy* § 3.45 (2d ed. 1994) and holding that chapter 13 debtor controlled whether and on what terms to settle lawsuit). But because the FDCPA Count is dismissed on another ground, the real-party-in-interest question need not be answered.

unconscionable means to . . . attempt to collect a debt" under 15 U.S.C. § 1692f). The Court observed that state law usually determines the existence of a "claim," defined by the Bankruptcy Code as a "right to payment," and recognized that in many states, a creditor still has the right to payment of a debt even after the expiration of the limitations period. *Id.* at 1411. Such was the law in Alabama, where the appeal originated. *Id.* But as the Court also recognized, such is not the law in all states, for example, Wisconsin and Mississippi, where the expiration of the limitations period extinguishes not only the remedy but also the right. *Id.* at 1411-12 (citing Miss. Code Ann. 15-1-3(1) (2012); Wis. Stat. § 893.05 (2011-2012)).

Pointing to this apparent distinguishing of Wisconsin and Mississippi law, the Trustee asserts that the FDCPA Count "is specifically warranted in Mississippi under . . . *Midland Funding*." ECF No. 21 at 2. The Trustee is mistaken, having overlooked two related considerations that together are fatal to the FDCPA Count: the rationale behind the ruling in *Midland Funding* and the standard the Court used to determine that the proof of claim there did not violate § 1692e or § 1692f.

The rationale behind the ruling was the presence and legal sophistication of the chapter 13 trustee. In ordinary civil litigation under the FDCPA, it is an unsophisticated consumer who has received the "representation" under § 1692e or been subject to the "means" of debt collection under § 1692e or § 1692f. 137 S. Ct. at 1413. The Court saw bankruptcy as leveling the playing field. When a debt collector files a proof of claim in a chapter 13 case, it is the trustee who must examine and evaluate the claim. *Id*. Together with the Bankruptcy Rules and the claims resolution process, the existence and role of the trustee "make it considerably more likely that an effort to collect upon a stale claim in bankruptcy will be met with resistance, objection, and disallowance." *Id.* at 1413-14.

The Court said that whether a statement is misleading "requires consideration of the legal sophistication of its audience." *Id.* at 1413 (quoting *Bates v. State Bar of Ariz.*, 433 U.S. 350, 383 n.37 (1977)). The same consideration applies to whether the means of debt collection is "unfair" or "unconscionable." *See id.* In an ordinary civil suit brought by a debt collector against a consumer, the consumer probably would not know that the statute of limitations is an affirmative defense. *Id.* In those lawsuits, as the dissent pointed out, "[e]very court to have considered this practice [of debt collectors suing debtors to collect debts they know are time-barred] holds that it violates the FDCPA." *Id.* at 1418. But when a proof of claim for that same stale debt is filed in bankruptcy, the burden is on the trustee to investigate and object. *Id.* at 1414. Consequently, the majority did not find "in either the Fair Debt Collection Practices Act or the Bankruptcy Code good reason to believe that Congress intended an ordinary civil court applying the [FDCPA] to determine answers to these bankruptcy-related questions." *Id.* at 1415.

So in the present case, even though under Mississippi law the debt is extinguished and not merely time-barred, the result under *Midland Funding* is the same: Santander's filing of the proof of claim is not actionable under the FDCPA. Outside of bankruptcy, the standard is whether a consumer might believe a "false, deceptive, or misleading" representation, 15 U.S.C. § 1629e; and whether the consumer might be "unfair[ly] or unconsionabl[ly]" duped by the debt collector into paying a debt that, as here, does not exist, 15 U.S.C. § 1692f.[5] But *Midland Funding* is clear that a different standard applies in bankruptcy. A chapter 13 trustee would recognize that the debt collector had no right to payment—as did this Trustee for Santander's claim. Because of the trustee's legal sophistication, a proof of claim that on its face is false because the underlying debt

---

[5] "[A]n unsophisticated or least sophisticated consumer" is the standard in the Fifth Circuit. *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 & n.3 (5th Cir. 2012) (noting "[t]his court has yet to choose" which).

14

is extinguished will not violate § 1692e or § 1692f any more than did the proof of claim in *Midland Funding* that on its face was time-barred. For this reason, the FDCPA Count must be dismissed.

### III. Declaratory Judgment Count

The Trustee seeks a declaratory judgment that Santander's filing of a time-barred and fraudulent proof of claim was an abuse of process that harmed the Trustee and the bankruptcy estate. Compl. ¶¶ 38-39, ECF No. 5 at 6.  The Trustee invokes § 105(a) to request relief including monetary and non-monetary sanctions, penalties, an order holding Santander in contempt of court, attorney's fees, costs, and expenses. *Id.* ¶¶ 37, 39.

Santander argues that relief under § 105 is not available because § 105 does not create a private right of action and the Complaint does not allege violation of a specific provision of the Code. ECF No. 18 at 11. The Fifth Circuit Court of Appeals, however, has recognized § 105 as a remedy for abuse of the claims process. *See Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348 (5th Cir. 2008). Holding that an assertion in a proof of claim did not violate the automatic stay, the court noted that "[o]f course, the bankruptcy court has other mechanisms [besides under § 362] to impose sanctions on parties who may attempt to abuse the procedural mechanisms within the bankruptcy court." *Id.* at 356 & n.1 (citing 11 U.S.C. § 105; Fed. R. Bankr. P. 9011). At least one bankruptcy court has expanded on *Campbell*, explaining that § 105 may be applied with 11 U.S.C § 501, which permits a creditor to file a proof of claim; 11 U.S.C. § 502(a), which deems allowed a claim filed under § 501; and Bankruptcy Rule 3001(f), which states that a proof of claim filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim. *See Watson v. Stonewall Jackson Mem'l Hosp. (In re Watson)*, No. 10-109, 2010 WL 4496837, at *3 (Bankr. N.D.W. Va. Nov. 1, 2010) (citing *Campbell*, 545 F.3d at 356 n.1) ("When a creditor files a false or fraudulent proof of claim, which is deemed allowed by

§ 502(a), and entitled to prima facie presumption of validity and amount by Rule 3001(f), the creditor is abusing the bankruptcy process.")

But notwithstanding that abuse of the claims process is sanctionable under § 105, the Trustee has no standing to seek such relief by a declaratory judgment. "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive *or declaratory* relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury *in the future*." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (emphasis added). The Trustee has alleged no facts showing any likelihood that this chapter 13 estate will suffer future injury from a fraudulent proof of claim by Santander. No such facts could be alleged, because Santander's claim has been disallowed. The Trustee asserts the "Trustee and the Chapter 13 estate . . . *were* harmed." Compl. ¶ 39 (emphasis added). But declaratory judgment is a future-oriented remedy. *See Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019) ("declaratory relief 'cannot conceivably remedy any past wrong'") (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108 (1998)). Dismissal is required under Rule 12(b)(1).

## IV. Injunctive Relief Count

Asserting again that Santander's filing of a time-barred and fraudulent proof of claim constitutes abuse of process, the Trustee requests injunctive relief under § 105(a) "to enjoin Santander from engaging in this conduct . . . in the future." Compl. ¶ 42, ECF No. 5 at 7. By this wording, the Trustee seems to be requesting relief for unidentified future plaintiffs. The Trustee has no standing to seek this relief.

"[P]laintiffs seeking injunctive relief must show a continuing or threatened future injury *to themselves*." *Stringer*, 942 F.3d at 721 (emphasis added). Again, because Santander's proof of

16

claim has been disallowed, there is no continuing or threatened future injury in this case. Dismissal is required under Rule 12(b)(1).

## V. Fraud on the Court Count

The Trustee asserts that the filing of a time-barred and fraudulent proof of claim amounts to a fraud on the court, for which the Trustee again seeks sanctions under § 105(a). Compl. ¶ 45, ECF No. 5 at 7. Fraud on the court is "a rarely applied doctrine" that allows a court to set aside a judgment under Civil Rule 60(d)(3).[6] *In re BNP Petroleum Corp.*, Nos. 09-20206, 09-20612, 10-02048, 2013 WL 5493125, at *5 (Bankr. S.D. Tex. Oct. 1, 2013). "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute fraud on the court." *First Nat'l Bank of Louisville v. Lustig*, 96 F.3d 1554, 1573 (5th Cir. 1996) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)).

Because the remedy for a successful fraud on the court claim is the setting aside of the judgment, a plaintiff that does not seek to have any judgment set aside has not stated a claim for fraud on the court. *Hill v. New Concept Energy, Inc. (In re Yazoo Pipeline Co.)*, 459 B.R. 636, 650-51 (Bankr. S.D. Tex. 2011); *cf. In re Oliver*, No. 07-50836, 2017 WL 1323467, at *1, *5 (Bankr. S.D. Miss. Apr. 10, 2017) (denying reconsideration of order denying reopening of chapter 13 case when movant alleged fraud on the court without alleging what judgment might have been obtained by such fraud). Here, there is no judgment to set aside; Santander's proof of claim has been disallowed. Dismissal is required under Rule 12(b)(6).

---

[6] Civil Rule 60(d)(3) applies here through Bankruptcy Rule 9024.

## ORDER

For the foregoing reasons, the Motion to Dismiss is therefore **ORDERED GRANTED;** and **FURTHER ORDERED** that the Trustee may within fourteen days file an amended complaint.

*##END OF ORDER##*